**PROSKAUER ROSE LLP**
GREGORY W. KNOPP (SBN 237615)
gknopp@proskauer.com
JONATHAN P. SLOWIK (SBN 287635)
jslowik@proskauer.com
JENNIFER J. MCDERMOTT (SBN 339796)
jmcdermott@proskauer.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310-557-2900
Facsimile: 310-557-2193

Attorneys for Defendant
STARBUCKS CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAYLEY BORGES, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION, a Washington corporation; and DOES 1 to 100, inclusive,<br><br>Defendant. | Case No. 3:26-cv-08167<br><br>**CLASS ACTION**<br><br>**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453**<br><br>[Declarations of Jennifer J. McDermott, Sandi Loftus, and Elizabeth Imholt, Disclosure of Conflicts, Interested Entities and Persons, and Citizenship, and Certificate of Service filed concurrently herewith]<br><br>Date Action Filed: June 5, 2026<br><br>*(Humboldt County Superior Court, Case No. CV2601241)* |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that defendant Starbucks Corporation (“Starbucks”) hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. In support thereof, Starbucks states as follows:

BACKGROUND

1. On June 5, 2026, an action was commenced and is currently pending against Starbucks in the Superior Court of California, County of Humboldt, as Case No. CV2601241, entitled *Shayley Borges, individually and on behalf of all others similarly situated, Plaintiff, v. Starbucks Corporation, a Washington Corporation; and Does 1 to 100, inclusive, Defendants*. Declaration of Jennifer J. McDermott (“McDermott Decl.”) ¶ 2 & Ex. A. Attached as Exhibits B through C to the McDermott Declaration are copies of all the pleadings filed and served on Starbucks in this action. *See id.* ¶¶ 3–4 & Exs. B–C. Attached as Exhibit D to the McDermott Declaration is a copy of Starbucks Answer to Plaintiff’s Class Action and Representative Action Complaint, filed in the Humboldt County Superior Court on August 4, 2026. *See id.* ¶ 5 & Ex. D. There have been no further proceedings in this action, and no other pleadings have been filed and served upon plaintiff Shayley Borges (“Borges”) or Starbucks. *Id.* ¶ 6.

2. Plaintiff is a former employee of Starbucks. Compl. ¶ 6. She asserts a claim against Starbucks under the California Labor Code for failure to pay all wages due upon separation. *Id.* ¶¶ 6, 20, 24–29. Based on the same alleged violation, she also asserts a claim for unfair competition (*id.* ¶¶ 30–40) and seeks civil penalties under the Private Attorney General Act (*id.* ¶¶ 41–46). Plaintiff asserts these claims on behalf of a putative class that includes “[a]ll individuals who are or were employed by Defendant or its predecessor merged entities in California as hourly, non-exempt

///

partners and/or shift supervisors, who were not paid on time after the end of their employment with Defendants during the Class Period." *Id.* ¶¶ 7(a), 22.

3. The Summons and Complaint were served on July 6, 2026. McDermott Decl. ¶ 3. This Notice of Removal is timely because it is filed within 30 days of that service. 28 U.S.C. § 1446(b).

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

4. A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), this Court has original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5 million (exclusive of costs and interest). 28 U.S.C. §§ 1332(d)(2), (d)(5), and (d)(6). These requirements are satisfied here.

5. Class Action. CAFA applies to certain "class actions," which the statute defines as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute." 28 U.S.C. § 1332(d)(1)(B). Plaintiff filed a "class action complaint" in which she expressly seeks to represent a class and recites the prerequisites for class treatment under California Code of Civil Procedure § 382. Compl. ¶¶ 21–23. Therefore, CAFA applies. *See Bodner v. OreckDirect, LLC*, 2006 WL 2925691, at *3 (N.D. Cal. Oct. 12, 2006) (CAFA applies where "Plaintiffs' complaint alleges that the action is a class action and recites the prerequisites to a class action under . . . California Code of Civil Procedure Section 382").

6. Class Size. The putative class exceeds 100 members because more than 100 individuals employed by Starbucks in hourly-paid, non-exempt positions in California have separated from Starbucks during the alleged class period. *See* Declaration of Elizabeth Imholt ("Imholt Decl.") ¶ 3.

///

7. Diversity of Citizenship. "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). Minimal diversity exists if any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).

8. Borges is a citizen of the state of California. Compl. ¶ 6 ("Plaintiff is a California resident[.]"). Compl. ¶ 6. During her employment with Starbucks, Borges worked at stores in "Ukiah . . ., McKinleyville . . ., and Eureka . . . , all in California," and kept a California home address on file with the company, both of which demonstrate her California citizenship. *Id.*; Declaration of Sandi Loftus ("Loftus Decl.") ¶ 2; *see Lam Rsch. Corp. v. Deshmukh*, 157 F. App'x 26, 27 (9th Cir. 2005) (defendant who had lived and worked for plaintiff in Washington was presumptively a Washington citizen, despite his claim that he had changed his domicile); *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1105 (D. Or. 2012) (residential address provided by employee to employer is prima facie evidence of state citizenship). Further, Borges seeks to represent a class consisting of "individuals who are or were employed by Defendant . . . in California[.]" Compl. ¶ 37. The putative class therefore includes California citizens.

9. Starbucks is not a citizen of California. "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). At the time Borges commenced this action, Starbucks was (and remains) organized and incorporated under the laws of the State of Washington. Loftus Decl. ¶ 4.

10. Nor is California the state in which Starbucks maintains its principal place of business. A company's principal place of business is determined under the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under the "nerve center" test, the principal place of business is the state where the company's "officers direct, control, and coordinate [its] activities." *Id.* The Supreme Court has further explained that a company's nerve center "should normally be the place where

[it] maintains its headquarters" and that the nerve center is a "single place." *Id.* Relevant factors include where executives reside and maintain offices, where administrative and financial offices are located, where the board of directors meets, where income tax returns are filed, and where day-to-day control over the company is executed. *See*, *e.g.*, *Peich v. Flatiron W., Inc.*, 2016 WL 6634851, at *3 (C.D. Cal. Nov. 9, 2016) ("In evaluating a corporation's principal place of business using the nerve center test, courts consider several factors including where the corporation's chief executive officer 'resides and maintains' his or her office, where the other officers reside, where the corporation's 'high level decisions' are made, and where the corporation's 'finance and accounting functions' are performed."); *Azod v. Robinson*, 2022 WL 18142560, at *7 (C.D. Cal. Nov. 9, 2022) (same).

11. Under these standards, Starbucks principal place of business is in Washington. Starbucks executive and administrative operations are centrally managed from its headquarters in Seattle, Washington. Loftus Decl. ¶ 4. That is the location where the Starbucks executive officers direct, control, and coordinate the Company's activities, including but not limited to, administering company-wide policies and procedures, legal affairs, and general business operations. *Id.* ¶ 5. The Company's corporate books and records also are maintained at and/or from the corporate headquarters in Seattle, Washington. *Id.*

12. Accordingly, minimal diversity exists: Starbucks is a citizen of Washington, and Borges is a citizen of California.

13. Amount in Controversy. Without conceding liability for any claims alleged or that Borges can properly represent the putative class she defined, Starbucks avers, for purposes of this Notice only, that Borges's claims as pled place more than $5 million in controversy. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial . . .

because they are not stipulating to damages suffered, but only estimating the damages that are in controversy."); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (on removal, defendant does not "concede liability for the entire amount" alleged in the complaint). The Ninth Circuit has instructed that removal is proper if, from the allegations of the complaint and the notice of removal, it is more likely than not that the amount in controversy exceeds $5 million. *Rodriguez v. AT&T Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning previous Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" in some circumstances). This standard is easily satisfied here.

14. *Final Pay Claim*. For her First Cause of Action, Borges claims Starbucks violated the Labor Code by failing to timely pay all wages due at the end of her and putative class members' employment. Compl. ¶¶ 20, 29. As the remedy for this alleged violation, she seeks "waiting time" penalties under Labor Code Section 203 in an amount equal to the putative class members' daily wages for a period of 30 days. *Id.* & Prayer for Relief (seeking "waiting time penalties in the amount of 30 days' wages per waiting time penalty subclass Class Member"); Cal. Lab. Code § 203; *see Ortiz v. Sheraton Operating LLC*, 2024 WL 4625951, at *8 (C.D. Cal. Oct. 30, 2024) (explaining that using an amount less than the 30-day penalty maximum is "unreasonable" where the "[c]omplaint itself seeks penalties 'up to a maximum of thirty (30) days'"); *Jones v. Tween Brands, Inc.*, 2014 WL 1607636, at *3 (C.D. Cal Apr. 22, 2014) (assuming 30-day penalties where plaintiff "alleged that class members were owed waiting-time penalties 'up to the 30 day maximum'").

15. Borges seeks these penalties on behalf of non-exempt employees in California whose employment ended in the past four years. Compl. ¶¶ 2 (defining "Class Period" as starting "four years prior to the filing of this Complaint"); 7. In just the past three years, since June 9, 2023, approximately 52,353 individuals who worked for Starbucks in hourly, non-exempt positions in California have separated from the company and therefore potentially can recover final pay penalties. Imholt

Decl. ¶ 3; *see Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1395–96 (2010) (three-year statute of limitations for Section 203 claims).[1] On average, these individuals earned $20.27 per hour at termination and worked shifts of approximately five hours. Imholt Decl. ¶ 4; Loftus Decl. ¶ 3. Therefore, their average daily pay is approximately $101.35 ($20.27 per hour × 5 hours), and the average 30-day penalty is $3,040.50 ($101.35 × 30 = $3,040.50).

16. If only three percent of these individuals seek the alleged penalties, the total penalties at issue exceed $4.7 million (52,353 × .03 = 1,570 eligible putative class members) (1,570 × $3,040.50 = $4,773,585.00). For jurisdictional purposes, it is reasonable to assume many more than three percent of the potential class members suffered the alleged final pay violation given Borges's allegations. Specifically, Borges alleges the violations occurred due to a "common course of conduct" and "unlawful policies and/or practices," all of which purportedly "have been ongoing throughout the Class Period[.]" Compl. ¶¶ 2, 23(c), 23(e); *id.* ¶ 6 (alleging failure to pay all wages upon termination "[a]t all relevant times through the present, and on-going"); *id.* ¶¶ 20, 23(e) (alleging Starbucks maintained "faulty policies" and "unlawful compensation policies" causing failure to pay all wages upon separation). Allegations of unlawful "policies" and a "common course of conduct" "throughout" the relevant period plainly support assuming at least a small fraction of the potentially affected individuals suffered the alleged violation. *See Thornton v. McLane Foodservice, Inc.*, 816 F. Supp. 3d 1006, 1014 (N.D. Cal. 2026) (finding 20 percent violation rate reasonable for unpaid wage and break claims where allegations that

---

[1] Borges defines the class as including only the former employees who "were not paid on time" (Compl. ¶ 7)—i.e., those who suffered the alleged violation. However, determining "the scope of the class only once it is decided that a class member was actually wronged" is improper. *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010); *see also Greene v. Select Funding, LLC*, 2021 WL 4926495, at *5–6 (C.D. Cal. Feb. 5, 2021) (striking class allegations that created a "fail-safe" class consisting solely of individuals who had valid claims). Borges may not avoid federal jurisdiction by arguing the class includes only the former employees whom she ultimately will prove suffered violations. *See Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025) ("[A] removing defendant need not present evidence of what its ultimate liability will be").

violations occurred "at times" and "[t]hrough the statutory period" suggested conduct occurring with some regularity and frequency"); *Salatino v. Am. Airlines, Inc.*, 719 F. Supp. 3d 1094, 1103 (S.D. Cal. 2024) (finding 10 percent violation rate for alleged break violations reasonable in light of complaint's "policy and practice" allegations); *Zamora v. Penske Truck Leasing Co., L.P.*, 2020 WL 4748460, at *4 (C.D. Cal. Aug. 17, 2020) ("numerous courts have found violation rates as high as 60% to be reasonable to calculate the amount in controversy" when complaints allege a "'policy and practice' of labor law violations"); *Montes v. Hyatt Corp.*, 2026 WL 2028914, at *2 (S.D. Cal. July 13, 2026) (same) (collecting cases); *Jacob v. CLS Plasma Inc.*, 2024 WL 5004529, at *3 (S.D. Cal. Dec. 6, 2024) ("district courts have found that assumed violation rates of 'between 25% to 60%' are reasonable where an improper employment policy and practice has been alleged") (citation omitted); *Medieta v. Williams Scotsman, Inc.*, 2025 WL 104095, at *4 (C.D. Cal. Jan. 15, 2025) ("It is reasonable for Defendant to assume a 25% violation rate where Plaintiff has alleged a 'policy and practice' violation.").

17. *Attorneys' Fees*. Borges also seeks attorneys' fees, which must be included in the amount in controversy when available by statute. Compl. ¶ 40; *Serrieh v. Jill Acquisition LLC*, 707 F. Supp. 3d 968, 979 (E.D. Cal. 2023) ("[A]ttorneys' fees may also be appropriately included in determining the amount in controversy" under CAFA) (citing *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018)). The Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees" in class actions. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) (finding 25 percent attorneys' fee estimate reasonable); *Valero v. MKS Instruments*, 2025 WL 72171, at *5 (C.D. Cal. Jan. 8, 2025) ("Courts have generally found that it is reasonable to use a 25% benchmark when calculating the amount in controversy for the purpose of diversity jurisdiction"); *Anderson v. Starbucks Corp.*, 556 F. Supp. 3d 1132, 1138 (N.D. Cal. 2020) ("Courts in our circuit

have treated a potential 25% fee award as reasonable") (internal citation omitted); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("In this Court's experience, '[w]hen including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate,' especially in wage and hour class actions like this one . . . the 25% benchmark provides a non-speculative guidepost for assessing jurisdiction." (citations omitted)). Because the final pay claim places more than $4 million at stake, Borges's claim for attorneys' fees puts more than $1 million in controversy.

18. Accordingly, in combination, Borges's claims for final pay penalties and attorneys' fees easily place more than $5 million in controversy. Therefore, the amount in controversy requirement is satisfied. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-01 (9th Cir. 2007) (remand denied under preponderance of the evidence standard where defendant's conservative estimates exceeded requisite amount).

19. There are no grounds that would justify this Court in declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or that would require it to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

## VENUE

20. The United States District Court for the Northern District of California is the judicial district embracing the place where this action was filed and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

///

///

///

///

///

///

///

WHEREFORE, Starbucks requests that the above action now pending in the Superior Court of California, County of Humboldt, be removed to this Court.

Dated: August 5, 2026

PROSKAUER ROSE LLP

By: */s/ Gregory W. Knopp*
Gregory W. Knopp
Attorneys for Defendant
STARBUCKS CORPORATION